UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. INGRAM,<br><br>    Petitioner,<br><br>v.<br><br>TIMOTHY SLOAN, et al.,<br><br>    Respondent. | No. 2:18-cv-1274 DB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Michael Ingram has filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. However, Mr. Ingram identifies himself as the "plaintiff" and the responding parties as "defendant." (ECF No. 1 at 1.) Those defendants are Timothy Sloan, apparently an employee of Wells Fargo Bank; Wells Fargo Bank; and World Savings Bank. The subject of the petition is a loan and deed of trust. (Id.)

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A petition for a writ of habeas corpus is appropriate only for an action seeking to challenge a detention. A petitioner must be in custody in order to challenge his detention. See 28 U.S.C. §§ 2241(c), 2254(a), 2255. Because custody is a statutory jurisdictional prerequisite, a

1

federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the petition. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam); Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). In the present case, petitioner is neither challenging a detention nor is he in custody. Accordingly, this action should be dismissed.

For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed because it is not cognizable under 28 U.S.C. §§ 2241, 2254, or 2255.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, petitioner may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: June 8, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/ingr1274.scrn fr